## MILLER v. TRACY et al.

(Supreme Court, Appellate Division, Fourth Department, March 8, 1904.)

1. TRANSFER TAX—DECEDENTS' ESTATES—CONTINGENT ESTATES—STATUTORY AMENDMENTS.

The tax law (Laws 1896, p. 795, c. 908, § 230, as amended by Laws 1897, p. 150, c. 284) provided that contingent estates in expectancy should be appraised when the persons entitled thereto should come into the beneficial enjoyment thereof. Laws 1899, p. 100, c. 76, omitted this provision, and provided that, when a transfer of property is made on which there is or may be a tax imposed, such property shall be appraised immediately on such transfer. Laws 1901, pp. 380, 1226, cc. 173, 493, again amended the section by inserting the amendment of 1897, but included an additional phrase so that it read contingent estates "in which proceedings for the determination of the tax have not been taken, or where the taxation thereof has been held in abeyance," shall be appraised, etc. Held, that the amendment of 1901 was intended to apply only to cases where the

transfers had occurred prior to 1899, and there had been no proceedings taken to impose the tax under the amendment of 1897; i. e., those in which the taxation had been held in abeyance until the time of assessment under the amendment of 1897, and it was not intended to change the general policy of present instead of future assessments of contingent estates.

2. SAME—APPEAL—NOTICE—QUESTIONS REVIEWABLE.

Under section 232 of the tax law, as amended by Laws 1901, p. 380, c. 173, providing that the comptroller, or any person dissatisfied with the appraisement of a transfer tax, may appeal to the surrogate on filing a written notice stating the grounds upon which the appeal is taken, the Appellate Division, on appeal from the Surrogate's Court, cannot consider questions for reversal not specified in the notice of appeal to the surrogate.

Appeal from Surrogate's Court, Onondaga County.

Action by Nathan L. Miller, as comptroller of the state of New York, against William G. Tracy and another, as executors of George N. Kennedy, deceased. From an order of the Surrogate's Court modifying an order or decree fixing the transfer tax in the matter of Kennedy's estate, plaintiff appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

John McLennan and Burton B. Parsons, for appellant.

George D. Chapman and James G. Tracy, for respondents.

WILLIAMS, J. The order or decree of January 20, 1903, should be reversed, and that of March 5, 1902, affirmed, with costs to the appellant.

The principal question raised by this appeal is whether certain future contingent interests in the estate were taxable presently or only when the persons entitled thereto should come into the possession of the same. The surrogate at first held the interests taxable presently, but on appeal reversed himself, and held they were not taxable until possession thereof was secured by the persons interested therein. This latter decision was based upon a construction of the statute which we regard as erroneous. Prior to 1899, section 230 of the tax law (chapter 908, p. 795, Laws 1896), as amended by chapter 284, p. 150, Laws 1897, provided:

"Estates in expectancy which are contingent or defeasible shall be appraised at their full, undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof," etc.

Under this provision of the statute it was repeatedly held that future contingent estates were not taxable until they vested in possession and the beneficial owner could be ascertained. Matter of Vanderbilt's Estate, 172 N. Y. 69, 64 N. E. 782. This section was amended by chapter 76, p. 100, Laws 1899, and the provision above quoted was omitted, and in place thereof the following provision was inserted:

"Whenever a transfer of property is made, upon which there is, or in any contingency there may be, a tax imposed, such property shall be appraised at its clear market value immediately upon such transfer, or as soon thereafter as practicable. * * * When property is transferred in trust or otherwise, and the rights, interests or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part

created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith, out of the property transferred."

And it was held by this amendment that a change was intended making contingent estates taxable forthwith. Matter of Vanderbilt's Estate, above. In 1901 this section was again amended (chapters 173, 493, pp. 380, 1226, Laws 1901) by inserting therein after the provision last above quoted the following:

"Estates in expectancy which are contingent or defeasible [and in which proceedings for the determination of the tax have not been taken or where the taxation thereof has been held in abeyance], shall be appraised at their full undiminished value when the persons entitled thereto shall come into the beneficial enjoyment or possession thereof," etc.

The controversy is as to the construction of this provision in the amendment of 1901. It will be observed that the language, except that which we have included in brackets, is the same as the clause above quoted from the amendment of 1897, which was omitted entirely in the amendment of 1899. This language in the amendment of 1901 does not apply to all estates of the kind named, but is limited by the language in brackets to those in which proceedings to tax had not been commenced or the taxation had been held in abeyance. The surrogate construed the first clause in this limitation as covering all such estates transferred after the amendment of 1901 went into effect, and therefore as covering the estates herein; the death of the testator having occurred September 7, 1901. If this were the intention of the Legislature, the language inserted in the amendment of 1899, making such estates presently taxable, would not have been retained in the amendment of 1901. There would have been no occasion for it. By the amendment of 1897 these estates were not taxable presently, but the taxation thereof was held in abeyance. By the amendment of 1899 the language of the amendment of 1897 referred to was omitted, and the provision expressly made for taxation presently. The intention of the Legislature was thus made clear and certain to change from a future to a present taxation in all cases of such estates. Then by the amendment of 1901 this language of the amendment of 1899 was retained, showing the general legislative intent remained the same, and the language here in question was inserted, providing that in certain specified cases a future taxation was intended as under the amendment of 1897. It is apparent that the cases so intended to be provided for were limited in number, and not all the cases thereafter occurring.

We think this provision was intended to apply only to those cases unprovided for by the statute of 1899, and left so until 1901, where the transfers had occurred prior to 1899, and there had, under the amendment of 1897, been no proceedings taken to impose the tax; the taxation had been held in abeyance until the future time, when the tax should be assessed under the amendment of 1897. In view of the amendment of 1899 omitting the provision as to future assessments contained in the amendment of 1897 these cases were covered by no provision of the statute, and hence this one was inserted in the amend-

ment of 1901 to provide therefor. We do not think the Legislature intended to change the general policy of present, instead of future, assessments of estates of this nature which was clearly indicated in the amendment of 1899, and which was retained in the amendment of 1901.

This was the sole ground of the decision by the Surrogate's Court, and for his error in this regard the order appealed from should be reversed. Aside from the questions relating to the values of the property fixed by the appraiser, the only question raised by the notice of appeal to the Surrogate's Court was the one we have discussed, and we think, therefore, the other questions suggested in behalf of the appellants are not properly here for our consideration. Section 232 of the tax law, as amended by chapter 173, p. 380, Laws 1901, provides that the notice of appeal shall state the grounds upon which the appeal is taken, and therefore none except these specified can be considered. Deyo v. Ingraham, 149 N. Y. 539, 44 N. E. 185.

The order and decree appealed from should therefore be reversed, and the former order and decree affirmed, with costs, as hereinbefore stated. All concur.