STATE EX REL. KEMPSMITH, Respondent, vs. WIDULE, Clerk, etc., Appellant.

*October 6—October 26, 1915.*

*Taxation of incomes: Annuity upon which inheritance tax was paid.*

1. The yearly payments to an annuitant by trustees out of the income of property given to them by will for that purpose are not taxable as income of the annuitant, where the inheritance tax

was duly paid upon the interest of the annuitant in the estate of the testator.

2. Such an annuity is subject to the Inheritance Tax Law, and the value *in præsenti* of the right to receive it may properly be appraised under sub. 4, 5, sec. 1087—15, Stats.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

*Certiorari* action to test the validity of the assessment of an income tax, under the laws of this state, on an annuity bequeathed to *Abbie W. Kempsmith* by her husband, Frank Kempsmith.

Mr. Kempsmith, by will, left a considerable estate in trust, in part, to pay out of the net income thereof $3,600 per year to his wife, *Abbie,* so long as she should live. In due course, the bequest was valued under the inheritance tax law of the state, the prescribed inheritance tax was assessed thereon, and was paid by or on account of the beneficiary. When she made her income tax statement for the year she received the first annuity payment of $3,600, she claimed that such sum was not assessable. Such claim was overruled by the taxing officers and she carried the matter, by *certiorari,* to the circuit court for Milwaukee county, where, in due course, it was heard, resulting in a decision that the value, *in præsenti,* of the probable future payments having been determined and the statutory inheritance tax paid thereon, the yearly payments were not taxable under the Income Tax Law. Judgment was accordingly rendered reversing the determination to the contrary.

For the appellant there was a brief signed by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, *W. L. Tibbs* and *Daniel W. Sullivan,* assistant district attorneys, *Daniel W. Hoan,* city attorney of Milwaukee, and *Max Schoetz, Jr.,* assistant city attorney; and the cause was argued orally by *Mr. Brossard, Mr. Sullivan,* and *Mr. Schoetz.*

For the respondent there was a brief by *Aarons & Niven,* and oral argument by *C. L. Aarons.*

MARSHALL, J.   As above indicated, this appeal involves only this question: If a testator wills property in trust to be invested and a specified sum per year paid out of the net income to a designated beneficiary for life, and such beneficiary's interest in the estate is appraised and the statutory inheritance tax is paid thereon, do the yearly payments made thereafter to the annuitant, constitute income under the income tax laws of this state? We must look to the written law for the answer.

We will rest the case on the letter of the statute, and the logic thereof as heretofore declared by this court that the inheritance tax is a burden placed upon the right to receive by will or inheritance.   *Nunnemacher v. State,* 129 Wis. 190, 108 N. W. 627; *Estate of Bullen,* 143 Wis. 512, 128 N. W. 109.   Keeping that in mind and avoiding confusion which might be created by indulging in technical distinctions between names of beneficiary interests, the purpose of our legislature is plain.   The right to receive being the subject of inheritance taxation, the amount is regulated, primarily, by the value of the right.   The right in the particular case has reference to the privilege to receive, for life, the yearly payments.   There may be many payments but the right is an entirety.   That vested, subject to the burden on the transfer, as soon as the will was allowed.   Clearly it could be valued, the transfer tax be assessed thereon, and be wholly liquidated, if such be the legislative plan.

Sec. 1087—1 of the Inheritance Tax Law provides that: "A tax shall be and is hereby imposed upon any transfer of property, . . . or income therefrom in trust or otherwise, to any person," etc.   That seems plain and to cover the bequest here since it was income from property held in trust.

Sec. 1087—1, sub. (4), provides that the inheritance tax

shall be imposed when the beneficiary becomes "entitled, in possession or expectancy, to any property or the income thereof," by transfer, by will, or the intestate laws of the state.

Sec. 1087—5, sub. 1 of the original act provided, as does the law now, that the inheritance tax, subject to some exceptions not material to this case, "shall be due and payable at the time of the transfer."

Sec. 1087—15, sub. 4, 5, provides for the appraisal of the value *in præsenti* of the right to receive, as was done in this case; and sec. 1087—9 affords the beneficiary an option to postpone payment of the transfer tax until acquirement of possession, which option, as indicated in the statement, was not taken in this case.

In harmony with the foregoing and, evidently, to render clear the legislative purpose not to place an inheritance tax on the transfer of the right to the entirety, and subsequently such a tax on the elements thereof, it expressly exempted: "All inheritances, devises and bequests received during the year which are subject to and have complied with the inheritance tax laws of this state."    Sub. (i), sec. 1087m—4.

That language seems about as unambiguous as English words could be.    Applied to the situation in hand, the annuity payment bequeathed to *Mrs. Kempsmith,* which was attempt to be taxed under the Income Tax Law, was a part of the entire right to $3,600 per year for her life, was subject to the Inheritance Tax Law, and she complied therewith in all respects.    Therefore it must follow that such payment was exempt as the circuit judge decided.    Whether the income of the estate paid by the trustees to the annuitant should form part of their taxable income, is not affected by what is here decided.

*By the Court.*—Judgment affirmed.