FIELD, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*October 6—October 26, 1915.*

*Statutory remedy, when exclusive: Income taxes paid under protest: Recovery by action: Conditions precedent.*

1. Where a statutory remedy is provided for the enforcement of a common-law right without expressly or by necessary inference interfering with freedom to resort to the old remedy, the new one is cumulative unless the court on grounds of public policy sees fit to make its activity in that field more or less contingent upon the new remedy being exhausted.

2. The statutory remedy by appeal from the disallowance by a common council of a claim for repayment of income taxes paid under protest is not exclusive of the right to bring an action to recover such taxes; nor is approval of the assessor of incomes or of the tax commission as provided in sub. (4), sec. 1087m—22, Stats., a condition precedent to the maintenance of such action.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

Action to recover taxes paid under protest. There was an income tax assessed on a year's payment of a $5,000 life annuity left to plaintiff by will, payable out of the net income of the testator's estate. The beneficiary's interest in the estate was valued, an inheritance tax assessed thereon, and paid, and subsequently an income tax assessed on a yearly payment made in 1912 and $250 paid for the previous year. Plaintiff claimed a deduction of the annuity payments in arriving at her net income for taxation under the laws of this state. The proper taxing officer, the Milwaukee county board of review and the state tax commission, refused to allow such claim and, in due course, plaintiff paid the tax under protest and, subsequently, duly filed her claim against the city of *Milwaukee* for repayment of the money, which was disallowed. She then commenced this action upon the ground which ruled in *State ex rel. Kempsmith v. Widule, ante,* p. 389, 154 N. W. 695.

For the appellant there was a brief signed by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, *W. L. Tibbs* and *Daniel W. Sullivan,* assistant district attorneys, *Daniel W. Hoan,* city attorney of Milwaukee, and *Max Schoetz, Jr.,* assistant city attorney, and a separate brief by *Daniel W. Hoan,* city attorney, and *Max Schoetz, Jr.,* assistant city attorney; and the cause was argued orally by *Mr. Brossard, Mr. Sullivan,* and *Mr. Schoetz.*

*Chas. T. Hickox,* for the respondent.

MARSHALL, J. Unless a question of practice presently to be mentioned requires a different result, this cause is ruled in respondent's favor by the decision in the case mentioned in the statement.

Sec. 1164, Stats., empowers common councils to refund taxes illegally assessed and paid, contingent upon "all conditions prescribed by law for the recovery of illegal taxes"

having "been complied with." Sub. (4), sec. 1087m—22, makes the section aforesaid applicable to income taxes conditioned upon the written approval "of the assessor of incomes who made the assessment or of the tax commission in the case of assessments made by it, specifying the defect in the assessment or tax proceeding and the amount of taxable income which should have been assessed and the amount of the taxes justly chargeable thereto."

It seems plain from the foregoing that the common council of the city of *Milwaukee* could not, properly, have refunded the taxes for want of the approval mentioned. It is insisted on behalf of appellant that the statutory remedy by appeal is exclusive and that the court should have dismissed the action under the rule in *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 142 N. W. 184, and similar cases.

Where a statutory remedy is provided for the enforcemen of a common-law right without expressly, or by necessary inference, interfering with freedom to resort to the old remedy, the new one is cumulative unless the court, on grounds of public policy, sees fit to make its activity in that field more or less contingent upon the new remedy being exhausted. That is the logic of *State ex rel. Superior v. Duluth St. R. Co., supra.* We are unable to discover any clear legislative attempt to make the statutory remedy in question exclusive. Moreover the point is expressly ruled in respondent's favor by *Horlick v. Mount Pleasant, ante,* p. 366, 154 N. W. 375. It was there held that sec. 1087m—18 prescribes the condition precedent to the right to bring such an action as this, and that the specification thereof, by a familiar rule of construction, indicates that the legislative purpose was to make that the sole condition. Such condition was satisfied in this case.

*By the Court.*—The judgment is affirmed.