STATE EX REL. HICKOX, Executor, Respondent, vs. WIDULE, Appellant.

*March 15—October 23, 1917.*

*Income taxation: Deductions: Annuity paid from income received by trustee: Taxes paid on nonproductive property.*

1. Where property is willed in trust to be invested and a specific amount per year paid out of the net income to a designated beneficiary for life, and such beneficiary's interest in the estate is appraised and the statutory inheritance tax paid, the yearly income received by the trustee for the beneficiary is subject to taxation under the Income Tax Law of this state.
2. General taxes paid on nonproductive property are not a proper deduction, under sub. (h), sec. 1087m—4, Stats.
  WINSLOW, C. J., and ESCHWEILER, J., dissent.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

The appeal is from a judgment in a proceeding which annulled an assessment of $115 made by the assessor of incomes for Milwaukee county and affirmed by the board of review and tax commission, upon an income reported by the relator as executor of the will of Samuel A. Field.

The will in question, after bequeathing a legacy of $20,000 to his wife, gave the residue of his estate to his executors in trust to manage, control, and invest during the life of his wife, and further provides as follows:

"Ten. Out of the income from my estate herein conveyed in trust, and after deducting the costs and expenses of managing and preserving the property and the annual charges and expenses of managing the trust, I will and direct that my said executors and trustees pay to my said wife quarterly during her natural life, for her own use and benefit, such net income to the amount and extent of five thousand ($5,000) dollars per annum, commencing from the date of my decease."

The county court determined that the value of the estate

transferred in trust on January 4, 1911, was $32,821, and assessed an inheritance tax thereon of $520.32, which was paid by Mrs. Field January 30, 1911. The will gives the residue of the estate to nephews and nieces of Samuel A. Field living at the time of Mrs. Field's death. The amount of the inheritance tax upon the residue was held in abeyance by the county court until the death of Mrs. Field, when the necessary facts could be ascertained. In March, 1915, the respondent, as executor, returned to the assessor of incomes a correct statement of the entire incomes received by him for the year 1914, the statement of return showing gross receipts of $8,860.92. The executor claimed and was allowed deductions aggregating $2,360, which represented interest paid and expenses of administration, but a deduction of $5,000, annuity to Mrs. Field, claimed, and also taxes paid on nonproductive property in the sum of $1,953.51, were refused.

The assessor levied a tax of $115 on the $6,500 income remaining after deducting $2,360. The findings and levy of tax made by the assessor were affirmed by the board of review and the tax commission, and the circuit court reversed such action and set aside the tax assessed.

For the appellant there was a brief by the *Attorney General, E. E. Brossard,* assistant attorney general, *Winfred C. Zabel,* district attorney of Milwaukee county, and *D. W. Sullivan,* assistant district attorney; and the cause was argued orally by *Mr. Brossard.*

*Chas. T. Hickox* of Milwaukee, for the respondent.

The following opinions were filed June 12, 1917:

KERWIN, J. The questions presented by the appellant, as stated in the brief of counsel, are in substance as follows: (1) When a testator wills property in trust to be invested and a specific amount per year paid out of the net income to a designated beneficiary for life, and such beneficiary's interest in the estate is appraised and the statutory inheritance

tax paid, is the yearly income received by the trustee for the beneficiary subject to taxation under the Income Tax Law of this state? (2) Are general taxes paid on nonproductive property a proper deduction under the Income Tax Law?

Counsel for appellant assign the following error: The court erred in holding that the assessment of $6,500, received by the executor in 1914 as income from the trust estate in question, was void for the reasons: (1) that the executor was not entitled to a deduction of $1,953.51 on account of taxes paid on nonproductive property; (2) that the executor was not entitled to a deduction of $5,000 on account of the payment of this sum to testator's widow in accordance with the provisions of the will; (3) that the income received by the testator, as such, during the year 1914 was $8,860.92, from which he was entitled to no deduction except $2,360 for interest paid on existing indebtedness of the estate and necessary expenses in producing the income, leaving a net taxable income of $6,500.

We are of opinion that the error is well assigned.

1. It is perfectly clear under the statute that the deduction claimed on account of taxes paid on nonproductive property was not allowable. Sub. (h), sec. 1087m—4, Stats. This statute allows deductions for "Taxes paid by such persons during the year other than inheritance taxes upon the property or business from which the income hereby taxed is derived." It is without dispute that the taxes sought to be deducted in the instant case were not paid upon property or business from which the income was derived.

2. A majority of the court is of the opinion that the yearly income received by the trustee, less the deduction made of $2,360, was subject to taxation under the Income Tax Law; but no four justices agree upon the reasons for their conclusions, hence none can be given.

*By the Court.*—The judgment of the court below is reversed, with costs, and the cause remanded with instructions

to affirm the levy of the tax made by the assessor and affirmed by the tax commission.

MARSHALL, J. (*concurring*).    Because of some changes in the statute, the question here, in respect to which the justices are divided, as to the proper solution of it and again as to the reasons for the conclusion reached by the majority, may not arise again.    However, I prefer to state, of record, my reasons for such conclusion.    I think the decision is right, tested by the plain letter of the statute, and right by the previous decisions of this court, so far as the subject has been dealt with.

In what I shall say, the prospective annual payments out of income will be treated as annuity payments, though technically not such, but that is immaterial.

The income of a trust fund received by an executor is liable to an income tax under sec. 1087*m*—10, Stats.  *State ex rel. Field v. Widule,* 161 Wis. 393, 154 N. W. 696; *Field v. Milwaukee,* 161 Wis. 393, 154 N. W. 698; and *State ex rel. Kempsmith v. Widule,* 161 Wis. 389, 154 N. W. 695, did not deal with that question.    The subject there, particularly treated in the latter case, was whether the annuitant, who had paid an inheritance tax on the value, *in præsenti,* of the prospective payments, was assessable for an income tax on the payments when received.    That was resolved in the negative on the plain words of the statute, reference being had to sec. 1087—1, Stats. 1913, providing that an inheritance tax shall be assessed on "any transfer of property, . . . or income therefrom in trust or otherwise;" sub. (4), sec. 1087—1, providing that such tax shall be imposed when the beneficiary becomes "entitled, in possession or expectancy, to any property or the income thereof," by transfer by will or the intestate laws of the state; sub. 1, sec. 1087—5, providing that the inheritance tax, subject to some exceptions, "shall be due and payable at the time of the transfer;" sub. 4,

5, sec. 1087—15, providing for valuation, *in præsenti,* of the right to receive an inheritance, the possession and enjoyment being postponed; sec. 1087—9, affording the beneficiary, in such a case, the right to postpone payment of the tax until acquirement of the property in possession, or to pay at the time of transfer of the right; and sub. (i), sec. 1087*m*—4, expressly exempting from income taxes "all inheritances, devises and bequests received during the year which are subject to and have complied with the inheritance tax laws of the state." That left untouched the question now raised and it was expressly reserved by the words "Whether the income of the estate paid . . . to the annuitant should form part of the taxable income" to the trustee "is not affected by what is here decided."

The question so reserved is expressly dealt with by sub. 5, sec. 1087*m*—10, which requires every person acting in a fiduciary capacity to return the amount of income received by him as such during the year and that he "shall be liable to assessment and taxation therefor, subject to the deductions and exemptions provided in this chapter" (referring to sec. 1087*m*—4 as to deductions which, at the time of the tax here [see Stats. 1913], specified, at sub. (i), "All inheritances, devises and bequests received during the year which are subject to and have complied with the inheritance tax laws of this state;" and referring to sec. 1087*m*—5 for exemptions, which does not include the particular matter), and followed, as a concluding part of the sentence by these significant words: *"provided, that such deductions or exemptions have not been claimed by or for such person, ward or beneficiary in another capacity."*

To overlook the quoted condition in connection with the proviso, would naturally lead to a misunderstanding of the legislative purpose. There is the condition that "All inheritances, devises and bequests received during the year which are subject to and have complied with the inheritance tax

laws of this state" which is true of the particular inheritance, the annuitant having paid an inheritance tax on the full value, *in præsenti,* of her prospective annual payments, and the saving words to the effect that, the condition shall not apply and the trust fund income less expenses of administration shall be dealt with in its entirety, if the deduction, to wit, in this case, the annuity payment has *"been claimed"* by the annuitant *"in another capacity."*

The particular payment to the annuitant being exempt from an income tax in her hands, and it having been paid to her for the year previous to the one in which the return was made, it must be presumed, since the case proceeded from the start on that theory, that she did not return the same for income tax; in other words that she claimed it as a deduction in her capacity as a beneficiary who, as to such payment, had "complied with the inheritance tax laws of this state" as provided in sub. (i), sec. 1087*m*—4, Stats. 1913. Having done so, according to the plain language of the above quoted proviso, in sub. 5, sec. 1087—10, the executor was not entitled to deduct such payment from the income received by him as a fiduciary. It was subject to an income tax in his hands as the tax commission held.

In dealing with the subject here discussed, danger of confusion and error would exist if the income of the trust fund were not considered apart from the *corpus* of such fund. They are entirely separate. The fact that an inheritance tax is assessable upon the value, *in præsenti,* of the prospective payments to the annuitant out of the income, does not militate against assessment of such a tax upon the *corpus;* each, as a separate thing, is so assessable under sec. 1087—1. There is nothing in the statute warranting the deduction of the value, *in præsenti,* of the future income thereof or therefrom and only assessing a transfer tax upon the residue. Otherwise the entire principal of the fund might be in excess of the present value of the prospective future payments out of the income thereof and such principal finally go to the re-

maindermen free from any inheritance tax. The statute contains a complete system for inheritance taxes upon the principal of an estate, and where it is held in trust for payment of income to some person or persons, but ultimately to go to another, for an inheritance tax upon the whole estate, and upon the prospective income also, payment, whether of principal or income, to be postponed until right of possession and enjoyment commences with the option to have the future prospective benefits appraised and to pay the tax presently on the value so fixed. Sec. 1087—9. So, in this case, though the annuitant has paid an inheritance tax on the value of the prospective annuity payments, those who will be entitled to take the principal when the time arrives for them to come into possession thereof, will be chargeable with an inheritance tax thereon.

Thus it will be seen that the position of counsel for respondent, that appellant's claim, if allowed, will result in double taxation, in that it will impose an inheritance tax and also an income tax on the bequest to Mrs. Field is untenable. The value of the prospective annuity payments, as before indicated, is no part of the *corpus*. It is a thing of itself. The inheritance tax upon that, expressly exempts it from income taxes against the annuitant. The former is exempt from income taxes, while the latter is not. The tax as to him is part of the expense of administration. In case of its resulting in not leaving sufficient net income to pay the annuity, which is not the case here, the beneficiary would, logically, not receive the full amount of her bequest, because it is to be paid out of the net income.

VINJE, J. I concur in the foregoing opinion of Mr. Justice MARSHALL.

SIEBECKER, J. (*concurring*). I concur in the result of the decision of this case upon the ground that the tax commission properly assessed an income tax on the $6,500 in-

come in the hands of the testamentary trustee under the will of Samuel A. Field, deceased. In arriving at this conclusion, I conclude that within the decision of this court in *State ex rel. Field v. Widule* and in *Field v. Milwaukee,* both reported in 161 Wis. 393, 154 N. W. 696, 698, an income tax is assessable against the trustee under the reservation in the court's opinion in *State ex rel. Kempsmith v. Widule,* 161 Wis. 389, 154 N. W. 695, decided at the same time the *Field Cases* were decided, and which case, as pointed out by the court, ruled the *Field Cases.*

I am, however, constrained upon re-examination of the question determined in the *Field* and *Kempsmith Cases* to call attention to what I am now persuaded is an erroneous construction of the inheritance and income tax laws as applied in those cases. It was held, as is accurately and fully expressed in the syllabus of the *Kempsmith Case,* that

"The yearly payments to an annuitant by trustees out of the income of property given to them by will for that purpose *are not taxable as income of the annuitant, where the inheritance tax was duly paid upon the interest of the annuitant in the estate of the testator. Such an annuity is subject to the Inheritance Tax Law,* and the value *in præsenti* of the right to receive it may properly be appraised under sub. 4, 5, sec. 1087—15, Stats."

I am of the opinion that the legislative intent expressed in the statutes governing those decisions is that "the yearly payments to an annuitant by trustees out of the income of the property given to them by will for the purpose" are taxable as income in the hands of the trustee or annuitant, and that an inheritance tax paid by such an annuitant, *based on the value of the right to receive it* at the time of the testator's death, does not operate to exempt the trustees or annuitant from income taxation under sub. (i), sec. 1087m—4, Stats. The court in the opinion in the *Kempsmith Case,* following the *Nunnemacher Case,* 129 Wis. 190, 108 N. W. 627, and

*Estate of Bullen,* 143 Wis. 512, 128 N. W. 109, declared that the inheritance tax is *not* a tax upon property but upon *the right to receive property.* In the case of *State v. Pabst,* 139 Wis. 561, 121 N. W. 351, it was recognized that the provisions of our Inheritance Tax Law were substantially those of the New York transfer tax law, and the construction given the law by the court of New York is to be resorted to for aid in administering the law by the courts of this state, and the case of *Matter of Westurn,* 152 N. Y. 93, 46 N. E. 317, was followed in this:

"The devolution of the property and the right of the state have their origin at the same moment of time. The ascertainment of the value of the taxable interest and the fixing of the tax necessarily takes place subsequent to the death. But the guide is the value at the time of the death, when the interests were acquired."

It is also held in the *Pabst Case* that the statute requires "that the tax at the prescribed rates shall be upon the clear market value of the property transferred, exclusive of the exemption. The context of the law expresses as its purpose and object that the tax shall be imposed on the transfer at the time of the death of the decedent and rest as a lien on the property so transferred until paid." Sub. 1, sec. 1087—5, provides, ". . . every such tax shall be and remain a lien upon the property transferred until paid, and the person to whom the property is transferred and the administrators, executors and trustees of every estate so transferred shall be personally liable for such tax until its payment." The clear implication of this provision and the whole scheme of the administrative provisions of the statutes are that the tax is levied and rests on existing property which may be seized and taken to satisfy the tax if not paid. The procedure of taxing officers in this and other cases before the courts shows that in administering the law they have interpreted it to mean that the tax on devolution of property by will or the

intestate laws of the state must be levied upon the body of the estate when the persons and corporations become beneficially entitled in possession or expectancy to the property or the income thereof, and when such property is transferred by way of testamentary trusts (except those exempted) the transfer is subject to the tax as though the property went direct to those having a beneficial interest thereto. It is manifest from the terms of these provisions of the law that the tax is in fact one on the transfer of the *corpus* of such estate. In pursuance of this rule and practice the tax commissioners levied a transfer tax on the body ·of the estate of Samuel A. Field, deceased, which included the interest Mrs. Field had therein under the will granting her an annual fixed amount *out of the income* produced by such estate. The rule adopted by the taxing officers is to make the total of the various interests and estates which is divided equal to the present market value of the entire existing *corpus* of the estate and then levy the tax against the various interests · in the proportion of the present values of each of such interests in the estate. The result in the instant case was that Mrs. Field was required to pay her distributive share of the inheritance tax assessed upon the *corpus* of the testator's estate as one of the beneficial owners thereof, which the county court found to be $520.20, based on the market value of her interest in the estate, namely, $32,821. I am persuaded that the taxing officers have executed the statute as the legislature intended, and that this court erred in its decision in the *Kempsmith* and *Field Cases* in which it was held that the beneficial interest in the form of an annual income devised to the widows of the testators had been subjected to an inheritance tax. I am convinced now that the inheritance tax paid by or on behalf of the testator's widow as a beneficiary of the estate was not a tax on the value of the widow's future income as part of the *corpus* of the estate, but a tax on the *corpus* of the testator's estate to ascertain the distributive share of the in-

heritance tax, imposed by law on the devolution of the estate. Under this administration of the Inheritance Tax Law the income produced by such estate has paid no inheritance tax and hence was subject to an income tax prescribed by secs. 1087—1 to 1087—3, Stats. Although the decisions in the *Kempsmith* and *Field Cases,* heretofore decided in this court, cannot be altered, I am of the view that this court then erred in the construction of the Inheritance Tax Law there involved and that this is an opportune and appropriate occasion to correct such error.

ROSENBERRY, J. I concur in the foregoing opinion of Mr. Justice SIEBECKER.

The following opinion was filed June 21, 1917:

ESCHWEILER, J. (*dissenting*). I shall content myself with merely stating the conclusions arrived at from a consideration of the statutes involved.

1. That nothing is subject to an inheritance tax that is not so in being or existence at the time of the creation of the fund, in this case by the death of the testator, that it may then be considered as *corpus.* *State v. Pabst,* 139 Wis. 561, 121 N. W. 351; *Estate of Bullen,* 143 Wis. 512, 128 N. W. 109; *Matter of Westurn,* 152 N. Y. 93, 46 N. E. 317.

2. That income subsequently arising from any such fund or *corpus* which is not added to such fund and thereby becoming a part thereof and therewith to be subsequently paid over, is not the income referred to in sec. 1087—1, Stats., and is not subject to inheritance tax. That it was a mistaken view to hold, as was done in *Field v. Milwaukee,* 161 Wis. 393, 154 N. W. 698, and *State ex rel. Kempsmith v. Widule,* 161 Wis. 389, 154 N. W. 695, that an income such as was being paid to Mrs. Field in this case was subject to an inheritance tax, because Mrs. Field at the time of the testator's

death did not take an interest in anything then tangible or in existence.

3. That the future or contingent estates referred to in sec. 1087—9 and sub. 5, sec. 1087—15, Stats., refer to estates such as the remaindermen in this case had in the entire fund which was set aside to create an income for Mrs. Field, and that the inheritance tax upon that fund as an entirety should have been determined and ascertained as against the remaindermen who were ultimately to receive it in its full amount as it existed at the time of the death of the testator. There is no warrant in the statute for determining, for the purpose of the inheritance tax, any interest that Mrs. Field might have had by reason of the provision that she is to receive the subsequent income from such fund.

4. That the income Mrs. Field received became subject to an income tax the first and each succeeding year; but that such income could be properly taxed but once annually either as against her or against the trustee collecting or holding the same.

5. It appearing, however, that as a matter of fact she was assessed on the theory that she must pay for the present worth of what would be subsequently paid to her by way of an income of $5,000 year by year during her life, she thereupon was required by the state to pay and did pay a tax computed upon that present worth and therefore she did in effect pay in one lump sum her future income tax.

6. Having once paid the same, the state cannot thereafter, either from her or from any one collecting or holding the same for her, again demand in the name of an income tax that which has already been collected from her, and for that reason the judgment should have been affirmed.

The following opinion was filed June 25, 1917:

WINSLOW, C. J. (*dissenting*). The difficulty which the court has experienced with this case is quite apparent from

the number of opinions filed. It is only just to say that every effort was made to harmonize the differences of opinion, but without success. I desire to state in the form of propositions my views without attempting to argue them out.

1. The interest of the annuitant in the present case was appraised and assessed pursuant to the provisions of the Inheritance Tax Law and the tax paid. *State ex rel. Field v. Widule,* 161 Wis. 393, 154 N. W. 696; *Field v. Milwaukee,* 161 Wis. 393, 154 N. W. 698. These cases, in my judgment, were correctly decided.

2. The inheritance tax having been paid by the annuitant, the yearly annuity payments are not subject to income taxation in her hands. This is not only the definite provision of the law, but it is *res adjudicata* with regard to the income in question. See cases cited upon the preceding proposition.

3. Income received by an executor or trustee for the benefit of a ward or other beneficiary is liable to income taxation *subject* to the deductions and exemptions provided in the Income Tax Law, *provided* they have not been claimed by the ward or beneficiary in *another capacity.*

4. This proviso is, in my judgment, singularly misunderstood by some of my brethren. To my mind it means simply that the beneficiary is to have the benefit of the statutory deductions and exemptions but once. If, for instance, the beneficiary has other income, *e. g.* a business income or a salary, and has claimed the benefit of his exemptions and deductions out of that income, the executor or trustee is not allowed to claim them out of the annuity income, because they have been claimed by the beneficiary *in another capacity, i. e.* not as the beneficiary of a trust, but in his capacity as an individual carrying on business.

This, of course, applies to such deductions and exemptions as can be claimed in another capacity, as, for instance, the exemptions for husband and wife, minor children, and dependents, enumerated in sec. 1087m—5, Stats., or the deductions for interest paid during the year on existing indebted-

ness or the like, enumerated in sec. 1087m—4. These may be claimed in the individual capacity by the beneficiary as an individual simply and allowed out of other income than the annuity, and if so allowed are not to be again allowed out of the annuity.

The exemption of inheritance devises and bequests in trust cannot be claimed by the beneficiary in any capacity except in the capacity of beneficiary, hence the proviso cuts no figure in the case.

I think the judgment should be affirmed.

A motion for a rehearing was denied without costs, except clerk's fees, on October 23, 1917.