HERZBERG, Executrix, and another, Appellants, vs. WISCONSIN TAX COMMISSION, Respondent.

*October 12—November 8, 1927.*

*Taxation: Inheritance taxes: Present value of deceased partner's interest payable in yearly instalments: Payments not taxable as income when received.*

1. Under an agreement between partners as managing agents for a life insurance company by which renewal commissions for a designated period were to be paid to the estate of the partner first to die, annual instalments of commissions paid a deceased partner's estate are not taxable "income," subject to assessment on the final settlement of the trust estate, under sub. (2) (h), sec. 71.02, and sub. (5) and (10), sec. 71.09, Stats., where the present value of future payments to be made the estate had been computed and subjected to inheritance tax under sub. (5), sec. 72.15, since the payments constituted but the corpus or principal of the estate. pp. 130, 131.

2. The term "income," under said sub. (2) (h), sec. 71.02, and sub. (5) and (10), sec. 71.09, Stats., providing for the taxation of "income," requires that there be the element of gain or profit as distinguished from corpus or principal.   p. 130.

APPEAL from a judgment of the circuit court for Dane county: AUGUST C. HOPPMANN, Circuit Judge.  *Reversed.*

Joseph Herzberg had long been the state managing agent at Milwaukee for the Prudential Life Insurance Company. From 1909 on, a partnership he then formed with his son continued such agency.  By contracts with the insurance company certain commissions were payable to such agents for periods of years on premiums paid in successive years on policies written by such agency.  By agreement between the partners, substantially one half of such annual renewal commissions for a designated period were to be paid to the estate of the first of such partners to die.  Mr. Herzberg died in September, 1924, and his will was admitted to probate.

In the probate proceedings such share in the renewal commissions was listed as an asset and duly appraised as of the present worth of $66,071, and upon such appraised value the state and federal inheritance taxes were duly assessed and paid.

Thereafter there were received and accounted for by the executor and executrix as payments, pursuant to the agreements aforesaid, the sums of $5,288.01 and $16,628.79 in the years 1924 and 1925.  As to each of such items it is claimed on behalf of the estate that such amounts were corpus or principal and not taxable income.  The assessor of incomes for Milwaukee county, however, assessed such two payments as income.  The county board of review reversed such holding and was in turn reversed on appeal by the *Wisconsin Tax Commission.*

This action being brought to review the latter ruling, the court below affirmed it, and the estate appeals.

For the appellants there were briefs by *Mayer & Shutkin,*

attorneys, and *Walter F. Mayer,* of counsel, all of Milwaukee, and oral argument by *Mr. Mayer.*

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

Separate briefs were filed by *Frank M. Hoyt* and by *Bottum, Hudnall, Lecher, McNamara & Michael,* all of Milwaukee, as *amici curiæ.*

ESCHWEILER, J.   No contention is or well could be made but that it was proper, under sub. (5), sec. 72.15, Stats., for inheritance tax purposes, to appraise, determine and find, as was done, that at the time of Mr. Herzberg's death the "clear market value" of the then present worth of the future payments to be made to the estate under the contracts covering renewal commissions was $66,071.   That such was a correct computation was not then and is not now questioned.   The inheritance tax proper to be assessed upon such amount as the value of such future estate as of the time of its transfer by the death of Mr. Herzberg was duly paid by the estate and received by the state and federal authorities.   It was then and there recognized and treated by such authorities as a part of the principal or corpus of the estate, and as it is so defined to be by the language of sub. (5), sec. 72.15, *supra.*

The representatives of the estate duly and properly reported as having received a sum of $5,288.01 in 1924 and of $16,628.79 in 1925 as being payments made to the estate out of the renewal commissions paid in said respective years by the insurance company on account of and under the contracts above recited, and while properly reporting such sums so received under the general heading of income on behalf of the estate under sub. (5), sec. 71.09, Stats., nevertheless claimed that the same being in fact corpus or principal of the estate was not subject to any income tax and

therefore was not "taxable income" made subject to assessment under sub. (10), sec. 71.09, providing for the final settlement of such trust estates.

It is contended by respondent, on the other hand, that such two sums were "taxable income" under the applicable definition given by sub. (2) (h), sec. 71.02, which, in defining the term "income," includes "and all other gains, profits, or *income* of any kind derived from any source whatever except," etc.

The two sums so paid were but part payments of the obligation to make future payments, the present worth of which obligation as of the time of the death of the testator here having been appraised at $66,071. They were in no sense interest upon said fund of $66,071 or in any sense an increment to it, or in the nature of a return upon the use of such fund.

The very basis of the idea upon which an appraisal, under sub. (5), sec. 72.15, *supra,* of the present worth of an obligation to become due or payable in the future is that such obligation to pay in the future or by deferred payments is to be considered and treated as though such future payments were hastened and made all at once and as of the time of the death. So the two payments in question here were both in theory and in fact but parts of the said sum of $66,071, and in theory and in fact reduced to that extent the amount of the obligation to pay in the future the said determined amount of $66,071. The estate now has had two part payments, and nothing more, of the obligation to pay said appraised sum.

Had the parties liable for such payments, namely the insurance company and the surviving partner of Herzberg & Son, arranged to be discharged of all such future obligation by prompt payment to the estate of $66,071 immediately after such appraisal and the estate had then received the same in cash, it certainly could not be contended that such

cash so then received was other than corpus of the estate, and upon which, it is conceded, the proper federal and state inheritance tax was assessed and duly paid. Had it thus been paid forthwith and in one lump sum, it could, under no construction of our statutes, be considered as subject to an income tax for that year as well as to the inheritance tax so paid.

These specific payments being but part payments on account of an entire obligation, they are, when so made, as much corpus or principal of the estate as would have been the entire amount if paid at once.

Nothing was added to the value of the estate by these two payments. There was therefore no taxable income paid to the estate. The United States court of claims in *Nichols v. U. S.*, decided April 4, 1927, reached a similar construction.

The oft repeated and now firmly established doctrine that the term "income" in such taxation statutes requires that there must be the element of gain or profit as distinguished from corpus or principal, as recently restated in *Bowers v. Kerbaugh-Empire Co.* 271 U. S. 170, 174, 46 Sup. Ct. 449, there citing a long list of decisions, is ample warrant and authority for the ruling we now make.

Reliance appears to have been placed in the court below, and it is here urged to our attention in support of the trial court's ruling, that the two payments here were taxable income by the holding in *State ex rel. Hickox v. Widule,* 166 Wis. 113, 163 N. W. 648. But the annual payments there made to the widow under express provisions of the will were held taxable income as to her as an individual, being made not out of corpus but out of annual income on the trust fund or corpus set aside for that purpose. The vital distinction between such a situation and the one we have here requires no further discussion.

A situation quite similar to that presented in *State ex rel. Hickox v. Widule, supra,* was disposed of with a like ruling

and the distinction that we are now here recognizing between corpus and taxable income was pointed out in *Irwin v. Gavit,* 268 U. S. 161, 167, 45 Sup. Ct. 475.

The two payments in question here were therefore clearly not subject to income tax, and the assessment thereon as such was wrong.

The record discloses the possibility of more being paid for such renewal commissions than the appraised and assessed sum of $66,071, *supra.* The question whether any surplus, if such there ever be, is to be considered as corpus of the estate or as taxable income, is not before us and therefore not now decided.

*By the Court.*—Judgment reversed, with directions to grant the relief asked in the complaint.