NORRIS, Executrix, Respondent, vs. WISCONSIN TAX COMMISSION and others, Appellants.

*May 12—October 14, 1931.*

For the appellants there were briefs by the *Attorney General, F. C. Seibold,* assistant attorney general, *George A. Bowman,* district attorney of Milwaukee county, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Seibold.*

For the respondent there was a brief by *Upham, Black, Russell & Richardson,* and oral argument by *Perry J. Stearns,* all of Milwaukee.

The following opinion was filed June 12, 1931:

FAIRCHILD, J. The circuit court by its judgment held the $24,551.46 to be capital in the hands of the respondent

and not taxable income. It is a fact that after Mr. Norris died July 7, 1926, the contract which brought the above amount into respondent's estate was treated as corpus. Under the rule that the clear market value of the inventoried assets of an estate of a deceased person constitutes the corpus or principal to the executor, this amount was considered as a part thereof and its value was used to make up the total value on which the inheritance tax was based. Sec. 72.01 (8), Stats.

The law under which the tax authorities are proceeding and which they interpret to warrant holding this item as income did not become effective until August, 1927. The title, rights, and responsibilities of respondent, so far at least as what is the corpus of the estate is concerned, are controlled by the law existing at the time of the transfer of the estate to her. While retrospective laws are not unusual in matters of taxation and under proper circumstances certainly are valid, they cannot impair the obligations of contracts, interfere with rights under the due-process provision of the constitution, or divest one of a vested right. A statute cannot impose retroactive taxation upon a class of property not then subject to such a tax. 2 Cooley, Taxation (4th ed.) § 520.

The property here involved descended to respondent free from all claims except those which legally existed July 7, 1926. No new burden in the shape of an income tax on the former estate can be created and visited upon this new estate of the executrix or beneficiary. The estate is worth that which exists after the payment of such debts of the decedent as by existing laws are such proper charges against it as to cause the separation between that which is to be used for the payment of debts and that which becomes corpus or principal in the hands of the executor. This is recognized in the scheme of taxation provided for inher-

itance and is the basis of a practical method of computing profit or loss on a sale of property acquired by descent or by will. Sec. 71.02 (2) (d).

The amount eliminated from the assessment by the trial court was an integral part of the corpus of the estate which had gone into the hands of the respondent. It was part of that which she received in the first instance and in no sense a gain or profit issued and severed from that estate. The only earnings or revenues produced by the capital after it became hers was the amount of $6,621, for which a proper report is conceded to have been made. The respondent is charged with an amount which includes the item under consideration here as a part of that which she must account for as corpus. Had the whole amount of the contract been paid at the time of the assessment of the inheritance tax, it would seem quite clear that it could not also be subject to an income tax for that year as well. This instalment and the future instalments are but part payments on account of that which belongs to the estate and must be held to be corpus or principal of the estate. *State ex rel. Kempsmith v. Widule,* 161 Wis. 389, 154 N. W. 695; *Herzberg v. Wis. Tax Comm.* 194 Wis. 126, 215 N. W. 936.

It is unnecessary to a decision in this case to consider the other questions suggested by the briefs of counsel and we therefore have not passed upon them.

*By the Court.*—Judgment affirmed.

The following opinion was filed October 14, 1931:

FAIRCHILD, J. Upon the motion for rehearing a brief was filed by the appellants which convinces us that the decision in this case should be clarified as to the ruling on the constitutionality of the law there involved.

In the matter before us we considered the law as it applied to the facts there presented and did not state as fully

as we might have that the constitutionality of the statute was directly the issue. We did not expressly state in the opinion that all receipts of that character by the executor are not income and are not subject to tax as such under the income tax law.

In applying income tax laws the courts look beyond the mere form to the substance of the transaction for the purpose of ascertaining the nature of the property resulting from sale or descent. *Miller v. Wis. Tax Comm.* 195 Wis. 219, 217 N. W. 568. Items of the character considered in this case, uncollected at the time of the death, fix themselves into the estate, become part of the corpus, are subject to inheritance tax, but cannot be treated as income. Sec. 1, art. VIII, Const., provides the authority for imposing taxes on incomes, privileges, and occupations, and while it authorizes the imposition of graduated taxes it is on income only; therefore an act which attempts to impose an income tax on what is, and is commonly understood to be, principal, capital, or corpus of an estate, is void.

It seems clear that no authority is given by the constitution and no power has been created by which the legislature can change that which has always been capital at the time of descent into income when it is collected by the executor.

While the facts in *Herzberg v. Wis. Tax Comm.* 194 Wis. 126, 215 N. W. 936, cited in the opinion, arose before this law was enacted, the doctrine followed there is based upon principles so fundamental that their integrity has not been disturbed by any constitutional amendment or legislative enactment.

In the decision in this case we held that the specific property descending to respondent was principal or corpus and could not be taxed as income. It is established, of course, that an income tax is not a tax on property but a tax against the recipient of the income. *State ex rel. Manitowoc Gas*

*Co. v. Wis. Tax Comm.* 161 Wis. 111, 114, 152 N. W. 848; *Falk v. Wis. Tax Comm.* 201 Wis. 292, 293, 230 N. W. 64.

The decision in the *Herzberg Case, supra*, rested on the ground that certain part payments of an obligation to an estate, which payments might have been income had Mr. Herzberg remained alive, constituted corpus and not income, and that the contract became part of the estate and the appraised value for inheritance purposes was capital to the executor. It was there stated:

"The two sums so paid were but part payments of the obligation to make future payments, the present worth of which obligation as of the time of the death of the testator here having been appraised at $66,071. They were in no sense interest upon said fund of $66,071 or in any sense an increment to it, or in the nature of a return upon the use of such fund."

It being the accepted doctrine that the income tax is not a tax on property but a tax against the recipient of the income, it follows that when the person who was the owner and to be the recipient dies, the obligation becomes a part of the estate which passes to his executor or administrator, and the property when it appears again is the property of new owners, a new estate.