I am authorized to state that Mr. Justice FRITZ joins in this dissent.

WILL OF MERRILL: THE STATE, Appellant, vs. MERRILL and another, Executors, Respondents.

*May 8—June 6, 1933.*

For the appellant there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Seibold, Mr. Joseph G. Hirschberg,* deputy attorney general, and *Mr. Conway.*

For the respondents there was a brief by *Bundy, Beach & Holland,* and oral argument by *John M. Campbell,* all of Eau Claire.

FOWLER, J.  The state contends that the inheritance taxes must be determined and imposed according to the statutes providing therefor, and that there is no authority in the statutes for postponing their determination and imposition.

The statutes of 1929 in force at the time of the testator's death declare as follows: "A tax shall be and is hereby imposed upon any (every) transfer of property . . . or income therefrom in trust or otherwise." . . . Sec. 72.01. "Such tax shall be imposed when any . . . (legatee) becomes beneficially entitled, in possession or expectancy, to any property or the income thereof." Sec. 72.01 (4). The tax is to be imposed upon the clear market value. Sec. 72.01 (8). On application the insurance commissioner shall determine the value of any future or contingent estate, incomes or interests . . . dependent or determinable upon the life or lives of any person or persons and certify the valuation to the county court. Sec. 72.15 (4). In case of computations by

18

the insurance commissioner as provided by sec. 72.15 (4) the property shall be appraised at its clear market value at the time of the testator's death, and the value of the future estate or annuity dependent on the life or lives shall be determined according to the mortality tables used in ascertaining the value of insurance policies; and the tax determined shall be construed to be upon the transfer of a proportion of the corpus of the estate equal to the present value of the future estate or annuity, and that tax shall be due and payable forthwith. Sec. 72.15 (5). When property is transferred in trust and the rights or estates of the transferees are dependent on contingencies which may wholly or in part be defeated or abridged, the tax shall be imposed at the lowest rate possible under the contingencies existing, and shall be so imposed and payable *forthwith out of the property transferred*. Sec. 72.15 (8). The word "transfer" includes the passing of property or any interest therein in possession or enjoyment, present or *future,* by devise or bequest. Sec. 72.24. All inheritance taxes are payable at the time of the transfer unless otherwise provided in the act, and no executor shall be entitled to a final accounting unless he shows receipt or a bond is given for its payment. Sec. 72.05. Unless the tax is paid within eighteen months from its accrual, interest at ten per cent. is added thereto. Sec. 72.06. Executors shall deduct the tax from property distributed by them. Sec. 72.07. Beneficiaries may elect not to pay the tax until they come into enjoyment, by giving bond for its payment with interest until such time. Sec. 72.09.

The statutory provisions above stated disclose a complete scheme for the valuing of interests in estates given by will and for the imposing of the tax upon such interests transferred as of the date of the death of the testator, and for the payment of the tax upon its imposition, whether the actual enjoyment of the interest transferred be present or future.

The tax is imposed upon the right to receive and is fixed by the value of that right. *State ex rel. Kempsmith v. Widule,* 161 Wis. 389, 154 N. W. 695. The state is entitled to an inheritance tax measured by the market value of the interest transferred and the value for taxing purposes cannot be reduced by dividing it into term estates and remainders. *Estate of Stephenson,* 171 Wis. 452, 458, 459, 177 N. W. 579. Thus the several interests transferred by the will in suit were subject to valuation at the time of the testator's death. The county court properly fixed the present value of the right transferred to the testator's widow by use of the mortality tables used by the insurance commissioner. The present value of the interests transferred to the brother and sister were also subject to computation and the present value of the interest in the estate transferred to the Masonic Lodge would be the entire value of the estate less the sum of the values of the three other interests transferred. The taxes upon these interests should have been imposed and paid by the executor at the time of the imposition and payment of the tax upon the interest of the widow.

Respondents cite sec. 72.15 (9), Stats., as authority for holding in abeyance the imposition of the taxes on the interests of the brother and sister and the Masonic Lodge. This section states that "estates in expectancy which are contingent or defeasible, and in which proceedings for determination of the tax have not been taken, or where the taxation thereof has been held in abeyance, shall be appraised at their full undiminished clear value when the person entitled thereto shall come into the beneficial enjoyment or possession thereof without diminution for or on account of any valuation theretofore made of the particular estates for purposes of taxation upon which said estates in expectancy may have been limited." This section on its face seems to indicate that there are exceptions to the general rule above stated that all

inheritance taxes shall be imposed as soon as may be after the decedent's death. This subsection was in the original inheritance tax act. When that act was passed and up to 1913 it contained such an exception. Sec. 5, ch. 44, Laws of 1903 (sub. 4, sec. 1087—5, Stats. 1911), provided that "All taxes imposed by this act shall be due and payable at the time of the transfer, except as hereinafter provided." Then followed, in immediate context, "Taxes upon the transfer of any estate . . . or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event, by reason of which the fair market value thereof can (could) not be ascertained at the time of transfer, as herein (therein) provided, shall (should) accrue and become due and payable when the beneficiary shall (should) come into actual possession or enjoyment thereof." In construing this act this court in *State v. Pabst,* 139 Wis. 561, 563, 583, 584, 121 N. W. 351, held that the only exception from the immediate imposition of the tax was when the fair market value was not immediately ascertainable. These two statutes, sub. 4, sec. 1087—5, Stats. 1911, and our present sec. 72.15 (9), both stood in the Statutes of 1911, the latter as sub. 6 of sec. 1087—13 thereof. Manifestly the latter subsection applied only to cases wherein imposition of the tax was postponed under the exception contained in the former. But by sec. 3, ch. 627, Laws of 1913, this exception was expressly repealed. The repeal of the exception made all inheritance taxes due and payable at the time of the transfer. It is to be noted that the provision relied on by respondents is contained in the provisions respecting appointment of and administration pursuant to appointment of "special appraisers." The provision purports to relate only to situations where the determination of the tax has been postponed. Since the provision for the postponement was repealed there can be no postponement and the provision has become inapplicable to cases arising since the repeal. Upon the stat-

utes as they stand this provision is not operative, except in a possible case which arose before the repeal wherein proceedings for the determination of the tax were postponed because it was at the time considered that the valuation could not then be fairly made.

This view derives some support from the decision of the appellate division of the supreme court of New York in *Miller v. Tracy,* 93 App. Div. 27, 86 N. Y. Supp. 1024. The provision was taken without change from the New York statutes. From the case cited we infer that the New York law originally contained a provision that contingent or defeasible expectant estates should be appraised when the persons entitled thereto came into the beneficial enjoyment thereof. This provision was repealed, but afterwards restored. Before its restoration the law was amended to contain the provision of our statute now under consideration. This provision was held in the case cited "not to change the (then) general policy of present, instead of future assessments" of contingent or defeasible expectant estates, but to apply only to cases in which there had been a postponement of the assessment under the repealed provision. The provision was taken over by us before the restoration of the repealed provision. Thus when the provision was taken over it did not operate in New York to defer the imposition of taxes on contingent or defeasible interests because the provision of the New York statute providing for the postponement of taxation of such interests had been repealed. No more should it so operate here since our provision authorizing such postponement has been repealed. It covers, just as it did in New York, cases, if any there are, in which before our repeal of our provision for postponement of taxation of such interests the imposition of taxes had been postponed.

There seems no escape from the conclusion that the taxes, the imposition of which was deferred, should have been imposed. The respondents' argument is in effect that because

it would be more just to defer payment of the tax until the beneficiaries other than the widow came into actual possession of their legacies and then deduct it from the amount receivable by them instead of now deducting it from the corpus of the estate, the county court properly disposed of the matter. The answer is that the county judge's disposition must rest on the statutes. The statutes do not now provide for such disposition, but now provide and ever since the repeal of sub. 4, sec. 1087—5, Stats. 1911, have provided for immediate imposition and payment of the tax upon any and all interests transferred. If present imposition of the tax is unjust, the legislature has made it so, and it is for the court to defer to the legislative enactment, no constitutional provisions forbidding. The legislative policy indicated is that the state shall receive the taxes upon values of the interests transferred without delay, and to that policy we must give effect.

*By the Court.*—The order of the county court is reversed, with directions for further proceedings in accordance with this opinion.