MILLER, Appellant, vs. DEPARTMENT OF TAXATION, Respondent.

*May 21—June 25, 1941.*

*A. W. Schutz* of Milwaukee, for the appellant.

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

FAIRCHILD, J.    The gift was made and there is no question raised as to the correctness of the computation of the actuary accepted by the taxing authorities.    The question is as to the value of the gift for tax purposes.    Although appellant acquired a presently vested interest in the trust, it was a future interest because the enjoyment and possession was postponed until the future.    1 Simes, Law of Future Interests, p. 2, § 1; Restatement, Future Interests, p. 520, § 153.

The method for computing present values of future interests is prescribed by sec. 4 (2) (c), (d), ch. 363, Laws of 1933, as amended, sec. 72.75, Stats.    Par. (c) requires that the commissioner of insurance shall make the computations and certify them to the commission "and his certificate shall be presumptive evidence that the method of computation adopted therein is correct."    Par. (d) fixes five per cent as a rate of interest where, as here, there is no other rate assumed, and provides that: "The tax so determined shall be construed to be upon the transfer of a proportion of the principal or corpus of the property equal to the present value of such future or limited estate, income, interest or annuity, and not upon any earnings or income of said property produced after the gift, and such earnings or income shall not be exempt from income tax."

Appellant argues that when a valuation of $25,000 is placed on the gift, it taxes the income produced after the gift as well as the principal of the gift, and insists that $17,031 is the present value of a gift of $25,000 to be paid eight years hence.

That contention could be upheld if the gift passing to the donee on the death of the donor were only $25,000.    But, as respondent points out, the gift was of $25,000 "and the accumulated income thereof" for eight years and this amount at five per cent interest compounded annually totals $36,-936.38.    Under the method of computation followed the interest earned by the $25,000 corpus after the gift and during the life of the trust was not taxed.    Indeed, it could not be, for by the gift tax statute above quoted "such . . . income

shall not be exempt from income taxes." Appellants cite *Norris v. Tax Comm.* 205 Wis. 626, 237 N. W. 113, 238 N. W. 415, to the point that corpus once subject to an inheritance tax could not again be subject to income tax, and draw an analogy between that case and this on the ground the two statutes involved—gift and inheritance tax statutes—are in *pari materia.* The statutes are in *pari materia* according to *Estate of Sanford v. Commissioner,* 308 U. S. 39, 60 Sup. Ct. 51, 84 L. Ed. 20. As to the analogy, however, it is considered that the statement of the trial court in its ruling upon the matter put the case correctly when it said:

"The income which is made subject to income taxation and exempted from gift taxes is not that which is included in the gift but that which is received after the gift. The trustee, under the income tax law will pay an income tax on $11,936.38, if the five per cent assumed in the gift tax law is received. The present value of that amount as a gift to the donee, May F. Miller, is $7,969. The value of the gift of $25,000 payable in eight years is $17,031. The value of the total gift, therefore, is $25,000. The present value of the gift to the donee of the items mentioned, clearly is distinct from the income to be received by the trustee (and taxable to him) after the gift.

"The rule followed in the present case that the state is entitled to a tax based upon the entire value of the interest transferred is that which is followed with respect to inheritance taxation. The gift here is of $25,000 and of the income thereon. The rule applicable as to inheritance taxes on such a gift is that it is to be deemed to be for the full sum of $25,000. *Estate of Stephenson* (1920), 171 Wis. 452; *Will of Merrill* (1933), 212 Wis. 15. No reason is perceived why the same rule should not be applied as to gift taxes. *Burnet v. Guggenheim* (1933), 288 U. S. 280, 77 L. Ed. 748."

There can be no claim of a lack of equal protection of the law under the Fourteenth amendment to the United States constitution, for the appellant is treated like all other persons

in the same class, *i. e.,* recipients of a principal plus the interest under a trust.

It is our conclusion that when the entire benefits, both corpus and accumulated income, of a gift in trust are to be distributed to one person upon the termination of the trust, the value of the gift to the donee is equal to the amount or value of the property originally transferred in trust. The amount of the gift subject to the gift tax is obviously the present value of the total future estate, whatever the rate of interest. See *Estate of Stephenson,* 171 Wis. 452, 459, 177 N. W. 579, where it was said in regard to the value of term estates and remainders created by a trust "where the term tenant and the remainderman are the same, as in this case, there is no necessity of separately valuing the term estate and the remainder, since the value of one added to the value of the other always equals the value of the whole estate."

*By the Court.*—Judgment affirmed.

FRITZ, J., dissents.