ARMOUR & COMPANY, Appellant, vs. DEPARTMENT OF
TAXATION, Respondent.

*April 12—May 11, 1948.*

For the appellant there were briefs by *Lecher, Michael, Spohn, Best & Friedrich* of Milwaukee, and oral argument by *George D. Spohn.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons*, assistant attorney general, and oral argument by *Mr. Persons.*

HUGHES, J. The Delaware corporation was a subsidiary of the Illinois corporation and on September 24, 1943, was merged into the appellant corporation which became liable as

transferee for the income taxes of its subsidiary and stands in the position of the taxpayer so that no distinction will hereafter be made between the two corporations. They will be referred to as the "taxpayer."

At the time the tax was levied the taxpayer was a foreign corporation doing business in Wisconsin as well as in many of the other states. The tax was figured by the Wisconsin authorities on a formula basis of apportionment with which there is but one disagreement on the part of the appellant, that is, that the department used an improper method of arriving at income upon which the tax was computed.

The first question raised upon this appeal is whether, in arriving at taxable income, the Department of Taxation correctly applied sec. 71.02 (3) (d), Stats. 1943. The subsection reads:

"Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state. The amount of such income apportionable to Wisconsin may be determined by an allocation and separate accounting thereof, when, in the judgment of the department of taxation, that method will reasonably reflect the income properly assignable to this state, but otherwise in the following manner: There shall first be deducted from the total net income of the taxpayer such part thereof (less related expenses, if any) as follows the situs of the property or the residence of the recipient; provided, that in the case of income which follows the residence of the recipient, the amount of interest and dividends deductible under this provision shall be limited to the total interest and dividends received which are in excess of the total interest (or related expenses, if any) paid and allowable as a deduction under section 71.03 during the income year. The remaining net income shall be apportioned to Wisconsin on the basis of the ratio obtained by taking the arithmetical average of the following three ratios: . . ."

In the taxpayer's gross income of $90,629,000 is an item of $6,175,000 derived from interest and dividends which, if it were the only item of interest involved, would be conceded by

the department to be nonassessable in Wisconsin. The taxpayer also pays interest in amount of $3,856,000 which the department likewise concedes would all be deductible from gross income before calculation of income tax, if standing alone.

The taxpayer contends that of this interest paid, the sum of $1,170,000 represents interest and investment charges on the roughly $80,000,000 investments from which the income of $6,175,000 is derived, and that this is the only interest that can legitimately be deducted from its exempt interest income.

The Department of Taxation contends that it is required by the statute to deduct from the exempt interest received by the taxpayer all of the interest paid by it.

By way of illustration, the taxpayer contends that after calculating net income including the earnings of the exempt securities it is entitled to a deduction as follows:

| | |
|---|---|
| Exempt income | $6,175,000 |
| Interest paid chargeable to investments | 1,170,000 |
| Deduction by reason of inclusion in return of exempt income | $5,005,000 |

The department contends that the taxpayer is not entitled to allocate certain portions of the interest paid and that the deduction should be:

| | |
|---|---|
| Exempt income | $6,175,000 |
| Total interest paid by taxpayer | 3,856,000 |
| Deduction by reason of inclusion in return of exempt income | $2,319,000 |

We are of the opinion that the language of the statute is clear and that it was correctly applied by the Department of Taxation.

The appellant next contends that if the statute correctly construed so provides, it violates sec. 1 of art. VIII of the Wisconsin constitution:

"The rule of taxation shall be uniform but the legislature may empower cities, villages or towns to collect and return

taxes on real estate located therein by optional methods. Taxes shall be levied upon such property with such classifications as to forests and minerals including or separate or severed from the land, as the legislature shall prescribe. Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided."

and sec. 1 of art. XIV of the amendments to the constitution of the United States:

"All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

The United States supreme court has repeatedly upheld the right of the several states to assess taxes in a rough-and-tumble fashion where the nature and size of the taxpayer's business practically prohibits the assessment of taxes on an exact measurement of the business done by it within the borders of the taxing sovereignty.

In enacting the statute here under consideration the legislature must have taken into account the ability of a commercial house to do business on borrowed capital while earning interest on its own capital on investment. To avoid the expense to the department of conducting costly audits on a wide scale to determine what portion of the interest paid is made necessary by investment of the taxpayer's capital assets, or being compelled to accept figures given by the taxpayer upon the subject without audit, the legislature laid down the rule for deduction here employed.

The taxpayer cites *Ed. Schuster & Co. v. Henry* (1935), 218 Wis. 506, 261 N. W. 20; *Stewart Dry Goods Co. v. Lewis* (1935), 294 U. S. 550, 55 Sup. Ct. 525, 79 L. Ed. 1054, and other authorities to the effect that an income tax calculated

on gross sales or gross income is invalid. There is no contest upon that subject in this case.

It relies upon *Briggs & Stratton Corp. v. Department of Taxation* (1946), 248 Wis. 160, 21 N. W. (2d) 441, and *Newport Co. v. Tax Comm.* (1935) 219 Wis. 293, 261 N. W. 884, which held that sec. 71.02 (3) (e), Stats. 1943, which provides:

"A foreign corporation whose principal business is carried on or transacted in Wisconsin shall be deemed a resident of this state for income tax purposes, and its income shall be determined and assessed as if it were incorporated under the laws of Wisconsin, notwithstanding its domicile is elsewhere."

was invalid as an attempt to reach property of a foreign corporation which was beyond the taxing jurisdiction of this state.

In the *Briggs & Stratton Case, supra,* it was conceded that while the taxpayer was a Delaware corporation and maintained a statutory office in Delaware, it maintained its principal business offices in Wisconsin where its entire manufacturing operations were conducted. It was licensed to do business in Wisconsin and Michigan and it paid tax in Wisconsin upon an apportionment basis, forty per cent of its total sales being treated as made in Wisconsin. More than ninety-nine per cent of its tangible property was located in Wisconsin. The securities from which the disputed income was derived were kept in a safe-deposit box in Milwaukee. This court held that this income could not be included in the Wisconsin apportionment. There was no offset of interest paid against interest received, which is presented for the first time on this appeal.

The simple questions are whether the legislature intended and has the power to provide that all interest paid shall be deducted from interest received by a corporation, even though the interest received is from otherwise exempt securities. We are of the opinion that these questions must be answered in the

affirmative. To hold otherwise would enable a corporation to invest its own capital in tax-exempt securities, operate upon borrowed money, and gain for itself a double exemption for income-tax purposes.

The formula here employed to determine taxable income, namely, deduction of interest received by the corporation only in so far as such interest shall exceed interest paid by the corporation, is fair and reasonable and does not violate the constitutional rights of the appellant. *Butler Bros. v. Mc-Colgan* (1942), 315 U. S. 501, 62 Sup. Ct. 701, 86 L. Ed. 991, and cases there cited.

*By the Court.*—Judgment affirmed.