TRANSAMERICA FINANCIAL CORPORATION, Respondent, v. DEPARTMENT OF REVENUE, Appellant. [Case No. 126.]

TRANSAMERICA FINANCIAL CORPORATION, Respondent, v. MORGAN, Secretary of Department of Revenue, Appellant. [Case No. 127.]

*Nos. 126, 127. Argued October 2, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 552.)

58

For the appellants the cause was argued by *E. Weston Wood,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

For the respondent there was a brief by *John M. Koeppl* and *Stafford, Rosenbaum, Rieser & Hansen,* attorneys, and *Robert Horowitz* of counsel, all of Madison, and oral argument by *Mr. Koeppl* and *Mr. Horowitz.*

HANLEY, J. Three issues are presented on this appeal:

(1) Is the phrase "total interest and dividends received" as set forth in sec. 71.07 (2), Stats., to be read literally as meaning all interest and dividends received, whether or not apportionable, or is the phrase to be read as including only interest and dividends received which are nonapportionable;

(2) Did the circuit court exceed its jurisdiction by directing the department to promulgate an apportionment rule applicable to finance companies; and

(3) Does the interpretation of sec. 71.07 (2), Stats., averred for by the department, violate the due process clause of the fourteenth amendment to the United States Constitution?

In a case where the department and a taxpayer cannot agree on the proper interpretation to be accorded a particular statutory section, there are certain fundamental rules of construction which the court may apply.

First, unless a statute is unclear or ambiguous, legislative intent must be found " 'by giving the language its ordinary and accepted meaning.' " [1] Similarly, when the legislature does impose a tax, it must do so in clear and express language, with all ambiguity and doubt in the

---

[1] *National Amusement Co. v. Department of Revenue* (1969), 41 Wis. 2d 261, 266, 163 N. W. 2d 625.

particular legislation being resolved against the one who seeks to impose the tax.[2]

Although the benefit of the doubt shall be given to the taxpayer in cases where the language imposing the tax is ambiguous, there is no duty upon the court " '. . . to search for doubt in an endeavor to defeat an obvious legislative intention.' " [3]

The effect of sec. 71.07, Stats.,[4] is to divide the income of a taxpayer operating both within and without this

[2] *Plymouth v. Elsner* (1965), 28 Wis. 2d 102, 106, 135 N. W. 2d 799.

[3] *National Amusement Co. v. Department of Revenue, supra,* at page 267.

[4] The pertinent part of sec. 71.07, Stats., is as follows:

"71.07 **Situs of income; allocation and apportionment.** (1) For the purposes of taxation income or loss from business, not requiring apportionment under sub. (2), (3) or (5), shall follow the situs of the business from which derived. . . . All other income or loss, including royalties from patents, income or loss derived from land contracts, mortgages, stocks, bonds and securities or from the sale of similar intangible personal property, shall follow the residence of the recipient, except as provided in s. 71.07 (7). . . .

"(2) Persons engaged in business within and without the state shall be taxed only on such income as is derived from business transacted and property located within the state. The amount of such income attributable to Wisconsin may be determined by an allocation and separate accounting thereof, when the business of such person within the state is not an integral part of a unitary business, . . . In all cases in which allocation and separate accounting is not permissible, the determination shall be made in the following manner: There shall first be deducted from the total net income of the taxpayer such part thereof (less related expenses, if any) as follows the situs of the property or the residence of the recipient; provided, that in the case of income which follows the residence of the recipient, the amount of interest and dividends deductible under this provision shall be limited to *the total interest and dividends received which are in excess of the total interest (or related expenses, if any) paid* and allowable as a deduction under section 71.04 during the income year. The remaining net income shall be apportioned to Wisconsin

state into "apportionable income" and "nonapportionable income." "Apportionable income" is that income which for income tax purposes must be allocated to two or more states in which the taxpayer's business is carried on. Correspondingly, "nonapportionable income" is that income which follows the situs of the property or the residence of the taxpayer and, as a result, is not allocated among two or more states.

Sec. 71.07 (1), Stats., provides that interest from intangibles follows the residence of the recipient and therefore such income is nonapportionable. However, sub. (2) further provides that if the business is conducted within and without Wisconsin, and if the business is unitary, then the business income is apportionable. Here the taxpayer concedes that its interest income is apportionable.

For the court's purposes, the starting point in sec. 71.07 (2), Stats., is the provision which states:

". . . There shall first be deducted from the total net income of the taxpayer such part thereof (less related expenses, if any) *as follows the situs of the property or the residence of the recipient;* . . ." (Emphasis supplied.)

Since income which follows the "situs of the property or the residence of the recipient" is nonapportionable income, the statute is in effect saying, "Deduct nonapportionable income from total net income."

However, sub. (2) of sec. 71.07, Stats., goes on to limit the amount of nonapportionable income that can be deducted when it states:

". . . provided, that in the case of income which follows the residence of the recipient, *the amount of interest and dividends deductible under this provision shall be limited to the total interest and dividends received which are in excess of the total interest* (or related expenses, if any)

on the basis of the ratio obtained by taking the arithmetical average of the following 3 ratios: . . ." (Emphasis supplied.)

*paid* and allowable as a deduction under section 71.04 during the income year. . . ." (Emphasis supplied.)

The reference in the immediately preceding portion of the statute to "the amount of interest and dividends deductible under this provision" refers to nonapportionable interest and dividend income because no apportionable income of any type is ever deductible under the provision. The entire provision relates only to income which follows the situs of the property or the residence of the taxpayer.

The statute next limits the amount of what must be nonapportionable interest and dividends which can be deducted to "the *total* interest and dividends received which are in excess of the total interest . . . paid." (Emphasis supplied.)

The department argues that the phrase should be interpreted as meaning only "the total [nonapportionable] interest and dividends received which are in excess of the total interest . . . paid." We do not agree. The use of the word "total" in "total interest and dividends received" is clear and unambiguous and does not require construction. "Total" means all interest and dividends received whether or not apportionable. In the case of *Armour & Co. v. Department of Taxation* (1948), 252 Wis. 468, 32 N. W. 2d 324, this court held "total" as used in the phrase "in excess of total interest . . . paid" means just what it says—all, not part.

The department further argues that the assessments made here are in accord with the interpretation of the statute for many years, since 1932, and is entitled to great weight in construing the statute. We think administrative construction is not to be given force where it is inconsistent with an unambiguous statutory provision. *Department of Taxation v. Aluminum Goods Mfg. Co.* (1957), 275 Wis. 389, 82 N. W. 2d 349, 84 N. W. 2d 67.

Adoption of the department's interpretation would result in all of the taxpayer's dividend income, even though it has no relation to Wisconsin, being taxed.

Aside from the constitutional problems such interpretation would raise, the taxing of dividends which, as here, are derived from wholly owned subsidiaries having no relation to Wisconsin whatsoever, would "fly in the face" of that part of sec. 71.07 (2), Stats., which provides:

"Persons engaged in business within and without the state shall be taxed *only on such income as is derived from business transacted and property located within the state*. . . ." (Emphasis supplied.)

The fact that the legislature never recognized the obvious infirmities of the statute when applied to a financial corporation such as the taxpayer is borne out by its recent passage of sec. 373 of ch. 125, Laws of 1971, whereby sec. 71.07 (2), Stats., was repealed and recreated to expressly exempt financial organizations from its operation. Newly created sec. 71.07 (2) (e) states:

"The net business income of financial organizations; and public utilities requiring apportionment *shall be apportioned pursuant to rules of the department of revenue, but the income taxed is limited to the income derived from business transacted and property located within the state*." (Emphasis supplied.)

*Jurisdiction to order the promulgation of an apportionment formula.*

While the trial court initially accepted the taxpayer's construction of sec. 71.07 (2), Stats., it ruled that the statute was inapplicable to finance companies since the taxpayer's application was unfair to the state of Wisconsin. For this reason the court remanded the 1959–1960 assessment to the commission for the imposition of a fair apportionment formula, and as to the 1962–1967

assessment, it directed the department to promulgate a more equitable apportionment formula for sales finance companies. From these directions both parties have appealed.

Sec. 71.07 (5), Stats., provides:

"If the income of any such person properly assignable to the state of Wisconsin cannot be ascertained with reasonable certainty by either of the foregoing methods, *then the same shall be apportioned and allocated under such rules and regulations as the department of revenue may prescribe.*" (Emphasis supplied.)

There is no doubt that under the above provision the legislature has given the department power to enact rules and regulations. However, by the phrase "as the department of revenue may prescribe," the authority is permissive rather than obligatory and the decision to devise a new allocation formula in any given case rests peculiarly with the department. When the trial court directed that a fair apportionment formula be promulgated, it was in effect amending the statute to read: "as the department of revenue [shall] prescribe," thereby taking away from the department the discretion which sub. (5) clearly gives to it in such matters.

As it is beyond the province of courts to prescribe administrative procedure for agencies in the first instance —*State ex rel. Thompson v. Nash* (1965), 27 Wis. 2d 183, 133 N. W. 2d 769—it could hardly be contended that the power exists to order an administrative agency to do that which the statutes clearly make optional.

In adopting the taxpayer's interpretation of the statute, we do not reach the remaining issue of whether the assessment made by the department violates the taxpayer's rights under the fourteenth amendment because it results in taxing income beyond the jurisdiction of Wisconsin.

We conclude that sec. 71.07 (2), Stats., is clear and unambiguous, that the phrase "total interest and dividends received" means all interest and dividends received whether apportionable or nonapportionable and that the trial court was without jurisdiction to order the promulgation of an apportionment formula.

*By the Court.*—The judgment in Case No. 126 is modified by deleting that portion thereof which directs a remand for further proceedings and is further modified to direct that Transamerica's application for abatement be granted and, as modified, the judgment is affirmed.

The judgment in Case No. 127 is modified to delete that portion thereof which directs the promulgation of an apportionment formula applicable to sales finance companies and, as modified, the judgment is affirmed.