ESTATE OF ROGOVIN, Appellants, v. DEPARTMENT OF
REVENUE, Respondent.

*No. 397. Argued February 26, 1973.—Decided March 27, 1973.*
(Also reported in 205 N. W. 2d 136.)

684

For the appellant there were briefs by *Foley & Lardner* and *Harrold J. McComas* and *Timothy C. Frautschi,* all of Milwaukee, and oral argument by *Mr. McComas.*

For the respondent the cause was argued by *Allan P. Hubbard,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

ROBERT W. HANSEN, J.  Do the applicable state statutes exempt from state income taxation the dividend and bonus received by the estate after the death of Beth Rogovin, but earned by her during her lifetime?

Prior to 1965, in this state, the taxable income of estates was determined by an entirely independent computation of gross income and allowable deductions. There was no reference to a federal base. However, in 1965, a new approach was adopted and sec. 71.02 (2) (c), Stats., now provides:

" 'Wisconsin taxable income' of estates and trusts means federal taxable income with the modifications prescribed in s. 71.05 (1) and (4)."

So the estate used as its starting point its federal taxable income, which included the $27,504.77 attributable to the dividend and bonus. Since such income in respect to the decedent was taxable under federal law,[1] and since

---

[1] Sec. 691 (a) (1), *Internal Revenue Code,* at page 273 provides: "The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable

Wisconsin taxable income, since 1965, means federal taxable income,[2] this was the proper and required starting point.

It follows that, unless there is statutory exemption allowing a subtraction modification, the dividend and bonus here involved are to be taxed as "Wisconsin taxable income" received by the estate. Until 1968, it is clear that there was exactly such a specific exemption. Until January 1, 1968, sec. 71.03 (2), Stats. 1965, provided:

". . . There shall be exempt from taxation under this chapter the following:
"(a) All inheritances, devises, bequests, and gifts received during the year."

The department's brief concedes that: "Under this broad wording, the Wisconsin income tax law excluded all inheritances from taxable gross income for state income tax purposes, including 'income in respect of a decedent.' Such income was modified out." [3] The dividend and bonus here involved being such income in respect of a decedent, was, until 1968, thus "modified out."

However, effective January 1, 1968, ch. 239, Laws of 1967, changed sec. 71.03 (2) (a), Stats., to its present form which reads:

period in which falls the date of his death . . . shall be included in the gross income, for the taxable year when received, of:
"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;"
See: 4A Commerce Clearing House, Standard Federal Tax Reporter (1973), paragraph 3801, pages 47, 120 et seq.

[2] Sec. 71.02 (2) (c), Stats., set forth above. See also: Sec. 71.01 (1), providing: ". . . For the purpose of raising revenue . . . there shall be assessed, levied, collected and paid a tax on all net incomes as hereinafter provided, by every natural person residing within the state or by his personal representative in case of death, . . ."

[3] See: 1 Commerce Clearing House, State Tax Reporter, Wisconsin, paragraph 10–704, pages 1199–3 and 4.

"(2) EXCLUSIONS. There shall be exempt from taxation under this chapter the following:

"(a) The value of property acquired by gift, bequest, devise or inheritance, but such exemption shall not exclude from gross income the income from any such property, or, where the gift, bequest, devise or inheritance is of income from property, the amount of such income. Where, under the terms of the gift, bequest, devise or inheritance, the payment, crediting or distribution thereof is to be made at intervals, then to the extent that it is paid or credited or to be distributed out of income from property, it shall be treated for the purpose of this paragraph as a gift, bequest, devise or inheritance of income from property. *Any amount included in the gross income of a beneficiary under subchapter J of the internal revenue code* [Note: Subchapter J of the code contains sec. 691 which provides for taxation of income in respect of a decedent.] *shall be treated for purposes of this paragraph as a gift, bequest, devise or inheritance of income from property.*" (Emphasis supplied.)

It is upon the italicized sentence that the department relies for its contention that the dividend and bonus received by this estate are taxable as income under the state income tax law. It is the position of the department that this italicized sentence removes the exemption from taxation of all income in respect of a decedent, regardless of whether such income is received by a "beneficiary," or, as here, by an "estate."

The estate points out that the italicized sentence refers only to amounts included in the gross income "of a beneficiary." It submits that an "estate" is not a "beneficiary" and therefore is not referred to or covered by the italicized sentence. The estate submits that the dividend and bonus received by the estate are not affected by the italicized sentence and therefore remain exempt.

The estate is correct. Standard dictionary definitions of the two words make clear that "estate" [4] and "bene-

---

[4] "Estates" are defined to be: ". . . *b* (1): the aggregate of property or liabilities of all kinds that a person leaves for dis-

ficiary" [5] are not synonymous in meaning. Moreover, while the two words are not defined in ch. 71, Stats., one section, 71.02 (2) (i), in the chapter makes clear that:

" 'Person,' 'fiduciary,' 'income' and all other terms not otherwise defined, have the same meaning as in the internal revenue code unless otherwise defined or the context requires otherwise."

It is abundantly clear that the federal Internal Revenue Code, subchapter J in particular, carefully distinguishes between an "estate" and a "beneficiary." In fact, the tax treatment of each is set forth separately.[6] The estate goes further to suggest that the legislature made only receipts by "beneficiaries" subject to Wisconsin income tax because the "draftsman was aware" of possible constitutional infirmities in taxing receipt of accrued income items by an "estate." [7] We need not deal with why the legislature restricted state income taxability to receipt by "beneficiaries" not adding or including "estates." Legislative acts are to be construed ". . .

posal at his death . . . (2): such an aggregate considered as a legal entity . . . ." Webster's, *New International Dictionary* (3d ed. unabridged), page 778.

[5] "Beneficiary" is defined as: ". . . *2*: one who receives something: as *a*: the person designated to receive the income of a trust estate *b*: the person named (as in an insurance or annuity policy) as the one who is to receive proceeds or benefits accruing. . . . ." Webster's, *New International Dictionary* (3d ed. unabridged), page 203.

[6] *See*, for example, the distinctions between an estate and beneficiary present in secs. 641, 642, 661, 662 and 691 of the code. *See also:* Sec. 643 (c) which, for purposes other than the taxation of income in respect of a decedent, defines a beneficiary as including an "heir, legatee, devisee" but does not mention an estate.

[7] Both briefs, on the constitutional issues not here reached, refer to and discuss: *Herzberg v. Wisconsin Tax Comm.* (1927), 194 Wis. 126, 215 N. W. 936; *Norris v. Wisconsin Tax Comm.* (1931), 205 Wis. 626, 237 N. W. 113, 238 N. W. 415; *Smart v. Wisconsin Tax Comm.* (1931), 205 Wis. 632, 237 N. W. 114.

from their own language, uninfluenced by what the persons introducing or preparing the bill actually intended to accomplish by it." [8] Here we find no reason for doubt nor room for claim of ambiguity. The statute making taxable income in respect of a decedent received "by a beneficiary" does not make taxable such income when received, as here, by an estate.

*By the Court.*—Judgment reversed and cause remanded with directions to grant the appellant's application for abatement.

---

[8] *A. O. Smith Corp. v. Department of Revenue* (1969), 43 Wis. 2d 420, 427, 168 N. W. 2d 887. *See also: Transamerica Financial Corp. v. Department of Revenue* (1972), 56 Wis. 2d 57, 64, 201 N. W. 2d 552.