STATE of Wisconsin, Plaintiff-Respondent,

v.

John S. AHRLING, Defendant-Appellant-Petitioner.

Supreme Court

*No. 93–1109–CR. Oral argument January 25, 1995.—Decided March 15, 1995.*

(Also reported in 528 N.W.2d 431.)

For the defendant-appellant-petitioner there were briefs by *Thomas H. Strakeljahn* and *Strakeljahn Law Offices, S.C.,* Lancaster and oral argument by *Thomas H. Strakeljahn.*

For the plaintiff-respondent the cause was argued by *Philip Peterson,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

HEFFERNAN, CHIEF JUSTICE. This is a review of an unpublished decision of the court of appeals, which affirmed a judgment of the circuit court for Crawford County, George S. Curry circuit judge presiding. The circuit court concluded that commercial clamming without a proper license or permit, in violation of sec. 29.38(3)(a)1, Stats.,[1] is punishable as a

---

[1] Section 29.38(3)(a)1 provides:

(a) No person may engaged in commercial clam shelling unless the person is a resident and at least one of the following applies:

felony, under sec. 29.99(1m)(c),[2] rather than as a forfeiture under sec. 29.99(1m)(a).[3] The court of appeals affirmed. On review, defendant-petitioner, John S. Ahrling, asks that we reverse the judgment and the sentence of the circuit court and remand the case with directions to impose a sentence for forfeiture.[4]

The sole issue on review is whether commercial clamming without a license or a permit, in violation of sec. 29.38(3)(a)1, Stats., is punishable as a felony or a forfeiture. Upon review of the record and the applicable statutes, we conclude that, as a matter of law, commercial clamming without a license or a permit is a forfeiture not a felony offense. Accordingly, we reverse the decision of the court of appeals and remand the case to the circuit court with instructions to vacate the judgment and to impose a sentence in accordance with this opinion.

---

1. The person is a natural person and has been issued a commercial clam sheller license by the department.

[2] Section 29.99(1m)(c) provides:

(1m)(c) For possessing clams in violation of s. 29.38 or rules adopted thereunder, if the value of the clams under par. (d) exceeds $1,000, by a fine of not more than $10,000 or imprisonment for not more than 2 years or both.

[3] Section 29.99(1m)(a) provides:

For the violation of s. 29.38 or rules adopted thereunder, by a forfeiture of not more than $1,000, except as provided under pars. (b) and (c).

[4] According to the Judgment of Conviction, filed February 3, 1993, following the plea of no contest, Ahrling was adjudged guilty of commercial clamming without a valid license, in violation of sec. 28.38(3)(a)1, Stats. Sentence was withheld, and a one year term of probation and an order to pay $5,000 restitution were imposed. Ahrling has not objected to the restitution, therefore that order is not before the court.

The facts are not in dispute. In 1990, the defendant, John S. Ahrling, obtained a license to engage in commercial clam shelling in Wisconsin. The license was obtained fraudulently by representing that he was a Wisconsin resident. Ahrling actually lived in Illinois. Ahrling used the license to harvest and sell $28,000 of clams.

On April 1, 1992, the state filed a criminal complaint which alleged:

> Between May, 1990, and August, 1990, in the waters of Crawford County, Wisconsin, the above-named defendant [John S. Ahrling] did engage in commercial clam shelling by obtaining a fraudulent license or permit, contrary to Wisconsin Statutes section 29.38(3) . . . Upon conviction of this charge, the maximum possible penalty is a fine of not more than $10,000 and imprisonment for not more than 2 years or both.

The facts alleged in the complaint are:

> Further investigation revealed that between the dates of May 2, 1990, and August 21, 1990, the defendant took and sold approximately 13,000 pounds of shell accounting for approximately $8,000.00 from the waters of Crawford County, Wisconsin. This Complainant states that the defendant received approximately $28,000.00 for shell taken pursuant to the Resident Wisconsin Clamming License during the year 1990.

At the preliminary hearing Crawford County Circuit Court Judge Michael Kirchman stated that the felony penalty provisions of sec. 29.99(1m)(c), Stats., did not apply because the state had not charged Ahrling with illegal possession of clams. In response, the state moved to amend the complaint to allege

unlawful possession in violation of sec. 29.38(7).[5] The state subsequently filed an information charging that the defendant ". . . did engage in commercial clam shelling by obtaining a fraudulent license or permit contrary to Wisconsin Statute, sec. 29.38(7)."[6] The court concluded that it would read into sec. 29.38(7) a requirement that possession of more than fifty pounds of clams was unlawful unless the person in possession held a valid commercial clam sheller's license. In light of this construction, the court concluded there was probable cause that Ahrling had violated sec. 29.38(7).

Thereafter, Ahrling's request for substitution of judge was granted and Grant County Circuit Court Judge George S. Curry was assigned to preside over the remainder of the proceedings. After the preliminary hearing, Ahrling moved to dismiss the amended information on the grounds that there was no probable cause to charge him with possession under sub. (7). The trial court agreed and ordered the information

---

[5] Section 29.38(7), Stats., provides:

(7) Possession, Transportation and Sale. No person may possess or transport more than 50 pounds of clams or sell or barter any clams unless at least one of the following applies:

(a) The person has been issued a commercial clam sheller, clam helper, clam buyer or assistant clam buyer license by the department or the person is exempt under sub. (3)(a)3, and the clams are of a species open to commercial clam shelling and are of the minimum size or larger for commercial clam shelling.

(b) The person demonstrates that the clams are being transported through the state in interstate commerce by a reasonably direct route.

[6] The state's theory for charging Ahrling with possession under sec. 29.38(7), Stats., was based on the assumption that, for Ahrling to have received $28,000 for the sale of clams, he must have possessed them at some point.

amended to reinstate the original charge of clamming without a resident commercial clam shelling license.

On the day set for trial, the state filed yet another amended information which identified sec. 29.99(1m)(c), Stats., as the penalty section applicable to defendant's licensing violation. Ahrling pleaded no contest to the charge but reserved his objection to the imposition of the felony penalties for what he insisted was a licensing violation punishable only by a forfeiture. Ahrling appealed and the court of appeals, in a divided decision, affirmed the circuit court's conclusion that the felony penalties were generally applicable to offenses under sec. 29.38.[7]

The sole issue we review is whether commercial clam shelling without a proper license or permit, contrary to sec. 29.38(3)(a)1, Stats., is punishable as a felony or a forfeiture. The application of a statute to a particular set of facts is a question of law which this court reviews without deference to decisions by lower courts. *State v. Moore,* 167 Wis. 2d 491, 495–96, 481 N.W.2d 633 (1992). In construing a statute, first resort must be to the language of the statute itself; absent ambiguity, it is the duty of the court to give statutory words their obvious and ordinary meaning. *Transamerica Financial Corp. v. Dept. of Revenue,* 56 Wis. 2d 57, 67, 201 N.W.2d 552 (1972).

In the instant case, we are asked to decide which of several statutory penalty provisions apply to the offense of commercial clamming without a proper license. The penalty provisions are:

---

[7] The court of appeals held that the felony penalty for possessing more than $1,000 worth of clams was intended to apply to any violation of sec. 29.38, Stats., even if the only charge alleged is, as here, clamming without a license. We disagree.

Section 29.99(1m)(a), Stats.:

For the violation of s. 29.38 or rules adopted thereunder, by a forfeiture of not more than $1,000, except as provided under pars. (b) and (c).

Section 29.99(1m)(b), Stats.:

For possessing clams in violation of s. 29.38 or rules adopted thereunder, if the value of the clams under par. (d) exceeds $300 but does not exceed $1,000, by a fine of not more than $5,000 or imprisonment for not more than 30 days or both.

Section 29.99(1m)(c), Stats.:

For possessing clams in violation of s. 29.38 or rules adopted thereunder, if the value of the clams under par. (d) exceeds $1,000, by a fine of not more than $10,000 or imprisonment for not more than 2 years or both.

Each of these subsections expressly applies to violations of sec. 29.38, Stats. Subsection (1m)(a) unambiguously states that forfeiture is the appropriate penalty for all violations of sec. 29.38 except those specifically provided for in subs. (b) and (c).

Subsections (b) and (c) unambiguously state they apply only when the defendant is charged with unlawful possession of clams. See section 29.38(7), Stats. The application of sub. (b) or sub. (c) depends solely on the value of the clams possessed. If the value exceeds $300 but does not exceed $1,000, then the defendant is subject to sub. (b) which provides for a fine of not more than $5,000 or imprisonment of not more than 30 days or both. If the value exceeds $1,000, the defendant is subject to sub. (c) which provides for a fine of not more than $10,000 or imprisonment for not more than 2

years or both. Neither subs. (b) nor (c) by their express language apply to a license violation under sec. 29.38(3)(a)1.

We think these statutory provisions are unambiguous. In fact, it is difficult to imagine how the meaning of any statute could be much plainer. Ahrling was charged with commercial clamming without a proper license or permit contrary to sec. 29.38(3)(a)1, Stats. This offense must be punishable as a forfeiture because, according to sec. 29.99(1m)(a), forfeiture is the appropriate penalty for any violation of sec. 29.38, except a possession offense—and Ahrling was not so charged. Had Ahrling been charged with and convicted of possession, under sec. 29.38(7), he then would have been subject to the felony provisions in subs. (b) or (c) of sec. 29.99. In the instant case, however, the circuit court ordered the state to amend the information to excise the possession charge and to reinstate the licensing violation.

We conclude that the penalty provisions in sec. 29.99 (1m) (b) and (c), Stats., apply only when a defendant is charged with and convicted of the possession provisions in sec. 29.38. All other violations of sec. 29.38 are punishable by forfeiture. Accordingly, we reverse the decision of the court of appeals. We remand the cause to the circuit court with directions to vacate the circuit court's judgment, and to enter a sentencing judgment in accordance with this decision.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court with directions.